﻿Citation Nr: AXXXXXXXX
Decision Date: 01/29/19 Archive Date: 01/28/19

DOCKET NO. 180904-709
DATE: January 29, 2019

ORDER

Entitlement to service connection for major depressive disorder is granted.

Entitlement to service connection for foot condition, including tinea pedis, is denied.

FINDINGS OF FACT

1. Affording the Veteran the benefit of the doubt, the Veteran’s major depressive disorder began during active military service.

2. The preponderance of the evidence of record is against finding that the Veteran has, or has had at any time during the appeal, a current diagnosis of a foot condition, including tinea pedis.

CONCLUSIONS OF LAW

1. The criteria for service connection for major depressive disorder is met. 38 U.S.C. §§ 1110, 1131 (2012); 38 C.F.R. § 3.303 (2018).

2. The criteria for service connection for a foot condition, including tinea pedis, are not met. 38 U.S.C. §§ 1110, 1131 (2012); 38 C.F.R. § 3.303 (2018).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Army from March 1966 until his honorable discharge in February 1969. The Veteran also served in the United States Army Reserves from February 1969 until his discharge in March 1972 and from May 1974 until his discharge in May 1976.

Service Connection

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131 (2012); 38 C.F.R. § 3.303(a) (2017). To establish a right to compensation for a present disability, a Veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service - the so-called “nexus” requirement. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)). Service connection may be granted for any disease initially diagnosed after discharge when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d) (2017).

1. Entitlement to service connection for an acquired psychiatric condition, including major depressive disorder

The Veteran alleges that his depression began during service and has existed since that time and/or it is related to the in-service deaths of two of his friends. See July 2017 Application for Disability Compensation, July 2017 Statement in Support of Claim, June 2017 Private Provider Report, August 2017 VA Examination, and February 2018 Notice of Disagreement.

First, with regard to a current disability, the evidence conflicts. See Holton, 557 F.3d at 1366; 38 C.F.R. § 3.303(d). A June 2017 private provider opinion diagnosed the Veteran with major depressive disorder, moderate to severe without psychotic features. See June 2017 Private Provider Report, p. 6. In contrast, the August 2017 VA examiner determined that the Veteran did not have a DSM-5 mental disorder. See August 2017 VA Examination, p. 12. As both examinations appear to be adequate, the Board will afford the Veteran the benefit of the doubt, and conclude that the Veteran has a current diagnosis of major depressive disorder. The first element of service connection is met. 

Second, the Board finds that there was an in-service event, injury or disease. See Holton, 557 F.3d at 1366; 38 C.F.R. § 3.303(d). The Veteran reported that he told his commanding officer in Germany of his depression in-service. See June 2017 Private Provider Opinion, p. 5, August 2017 VA Examination, p. 6. Although there is no documentation in the Veteran’s service treatment records nor his military personnel record to support the Veteran’s contention that he reported depression to his commanding officer, the Veteran’s separation examination indicates that the Veteran reported excessive worry. See Service Treatment Records pp. 44-45. Again, affording the Veteran the benefit of the doubt, the second element of service connection is met.

The remaining question is whether there is a nexus between the Veteran’s in-service report of excessive worry and his current diagnosis of major depressive disorder. On this, the evidence conflicts.

As noted above, the Veteran underwent two examinations, one private provider examination in June 2017 and one VA examination in August 2017. In the June 2017 private provider examination, the private provider opined that it was at least as likely as not (50 percent probability or greater) that the Veteran suffers from depressive disorder, recurrent, and that depression started since he was deployed to Germany. In contrast, the VA examiner opined that it was less likely than not (less than 50 percent probability) that the claimed condition incurred in or caused by the claimed in-service injury, event or illness. See August 2017 VA Examination, p. 12. The rationale provided by the VA examiner was that there is no DSM-5 mental disorder upon which to render a medical opinion.

Because the Board has conceded that there is a current disability, the Board finds that the private providers opinion is more probative. Affording the Veteran the benefit of the doubt, the Board finds that the evidence of record does support a finding that the major depressive disorder is related to active service.

The Board has considered remanding the claim to obtain a more thorough opinion on the etiology of the Veteran’s major depressive disorder claim. However, considering the separation examination and the private provider’s opinion, the Board finds that the evidence is, at minimum, in equipoise regarding the question of whether the Veteran’s current major depressive disorder is related to his military service. The benefit of the doubt will be conferred in the Veteran’s favor, and remand is not necessary. The service-connection claim for major depressive disorder is granted. Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).

2. Entitlement to service connection for foot condition, including tinea pedis

The Veteran alleges that his foot condition began during service. See July 2017 Application for Disability Compensation, July 2017 Statement in Support of Claim, and February 2018 Notice of Disagreement. 

First, the Board finds that there is not a current disability in the Veteran’s feet. See Holton, 557 F.3d at 1366; 38 C.F.R. § 3.303(d). The Veteran has not provided any evidence, including medical evidence or lay statements, of a current foot condition with either of his feet. 

In the absence of a current disability, service connection cannot be established. See Holton, 557 F.3d 1363 at 1366 (holding that entitlement to service connection requires among other things, evidence of a current disability); see also Degmetich v. Brown, 104 F.3d 1328, 1332 (1997).

(Continued on the next page)

 

Based on the foregoing, the preponderance of the evidence is against the claim for service connection for a foot condition. The benefit of the doubt doctrine is therefore not applicable, and the claim must be denied. See 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.

 

A. S. CARACCIOLO

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD G. DEEMER, ASSOCIATE COUNSEL